IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EMERSON OWENS,

        Plaintiff,

vs.                                        No. 18-2345-JTF-dkv

SHELBY COUNTY SCHOOLS BOARD OF
EDUCATION;
CECILIA BARNES; and
DEBBIE WALKER,

        Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On May 18, 2018, the plaintiff, Emerson Owens ("Owens"), a resident of Memphis, Tennessee, filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" against the defendants, Shelby County Schools Board of Education ("SCSBE"), Cecilia Barnes ("Barnes"), and Debbie Walker ("Walker").[1] (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which was granted by the United States Magistrate Judge on May 23, 2018, (ECF No. 6). For the reasons

---

[1]Despite being named as defendants, the remainder of the complaint makes no further reference to SCSBE or Walker.

that follow, it is recommended that the court dismiss all of Owens's claims for failure to state a claim upon which relief may be granted.

## I. PROPOSED FINDINGS OF FACT

This case arises out of Owens's termination of employment by Shelby County Schools. (Compl., ECF No. 1.) Owens filed his complaint on a court-supplied form entitled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983." (*See id.*) The complaint names SCSBE, Barnes, Labor Relations Manager for Shelby County Schools, and Walker, Interim Manager, as defendants. (*Id.* ¶ III.) While Owens did not provide a date of termination in his complaint, in the "Employment History" section of his Application for Leave to Proceed *In Forma Pauperis,* Owens indicated that he stopped working for "Shelby Schools" on March 5, 2017.[2] (Appl. 2, ECF No. 2.) This court will consider the Application as part of Owens's complaint, and construe the facts in the light most favorable to Owens by considering his alleged date of termination.

In the "Statement of Claim" section of his complaint, Owens hand-wrote a description of his infractional write-ups, alleged disabilities, and treating medication. (Compl. ¶ IV, ECF No.

---

[2]While the handwriting makes it difficult to ascertain whether Owens wrote "02.5.2017" or "03.5.2017", this court has given him the benefit of utilizing the latter date, as it would extend the window for filing a timely claim.

1.)  Owens states that he was written up numerous times for small infractions, and his manager specifically told him he was being written up for working too slowly.  (*Id.*)  Owens alleges back problems along with depression, hypertension, and anxiety, and indicates that he takes medication for all these conditions but hypertension.  (*Id.*)  Owens attached to his complaint four Conference/Discipline Forms dated 12/8/16, 1/18/17, 1/19/17, and 1/27/17, (ECF No. 1-1 at 1-4); a web page entitled "What is the ADA," (*id.* at 5); and a RX Mini Medication Report from Frayser Family Counseling Center, (*id.* at 7).  The Discipline Forms, signed by Walker and Principal Newborn (but not Owens, as the forms indicate he refused to sign) chronicle Owens's escalation of problematic behavior, such as eating in the food preparation area, leaving messes at his work area, and misplacing trash.[3] (*Id.* at 1-4.)

For relief, Owens states that he would like to regain his job at Shelby County Schools because he does not think management was correct in terminating him when they were aware

---

[3] In assessing whether Owens's complaint states a claim upon which relief may be granted, the court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'"  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

of his disabilities. (Compl. ¶ V, ECF No. 1.) He also states that the cafeteria manager "could have worked with me." (*Id.*)

Despite indicating that he has not begun any other lawsuits dealing with the same facts in this action, (Compl. ¶ IA, ECF No. 1), Owens filed a near-identical suit with more detail and documentation on August 15, 2017, docketed as Owens v. Barnes, Case No. 2:17-cv-02596-JTF-dkv (W.D Tenn. 2017)(hereinafter *Owens I*). United States District Judge Fowlkes adopted the recommendation of United States Magistrate Judge Vescovo and dismissed *Owens I sua sponte* for failure to state a claim upon which relief may be granted. Order Adopting R. & R., *Owens I*, Case No. 2:17-cv-02596-JTF-dkv, ECF No. 8.

## II. PROPOSED CONCLUSIONS OF LAW

A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauper*is until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Owens's complaint.

4

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  Standard of Review for Failure to State a Claim

In assessing whether Owens's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also*

*Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.    Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.    While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.    Owens's Claims Against SCSBE

Owens does not specify whether Barnes and Walker are being sued in their individual or official capacities, and it is not clear from the allegations in the complaint.    Thus, it can be assumed that they are being sued in their official capacities. *See Smith v. Riles*, No. 16-cv-2687-JDT-dkv, 2016 WL 11249104, at *3 (W.D. Tenn. Dec. 8, 2016), *report and recommendation adopted*, No. 16-cv-2687-JDT-dkv, 2017 WL 25479 (W.D. Tenn. Jan. 3, 2017); Hawks *v. Jones*, 105 F. Supp. 2d 718, 722 (E.D. Mich. 2010)("It is well-settled in this Circuit that, absent a clear indication that section 1983 defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only.")(citations omitted).    Claims against

county officials in their official capacity are tantamount to a suit against the county entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citation omitted).    As Barnes and Walker are employees of the SCSBE, Owens's claims against them are construed as claims against SCSBE.

A governmental entity is liable under section 1983 when "the entity's 'policy or custom' [] played a part in the violation of federal law." *Graham*, 473 U.S. at 199 (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)).    The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)).

In the instant case, Owens has not alleged that Barnes[4] or Walker acted pursuant to a municipal policy or custom in terminating him, and nothing in the complaint demonstrates that Barnes's or Walker's actions occurred as a result of a policy or custom implemented or endorsed by Shelby County.    Furthermore, Owens does not identify which of his constitutional rights were violated, or how they were violated.

---

[4]In his complaint, Owens does not allege any action taken by Barnes, and Barnes is not mentioned in any of the attached Disciplinary Forms.    (ECF No. 1-1 at 1-4.)    Accordingly, Owens fails to establish that Barnes acted at all.

Even if Owens's complaint were construed so liberally as to allege violation of his right to procedural due process, his complaint nonetheless fails to state a claim. To state a claim for a violation of procedural due process, the plaintiff must allege that: (1) he had a property or liberty interest of which he was deprived; and (2) the state did not afford him adequate procedural rights prior to depriving him of the interest. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012)(citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)); *Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 216 (6th Cir. 2011)(citing *Leary v. Daeschner*, 228 F.3d 729, 741 (6th Cir. 2000)). However, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983." *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)(citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). The complaint must set forth some factual basis for section 1983 claims, either "direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (quoting *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993)).

Here, Owens does not allege enough information to determine whether he had a property interest in continued employment.

"Government employment amounts to a protected property interest when the employee has 'a legitimate expectation of continued employment.'"  *Curby v. Archon*, 216 F.3d 549, 553 (6th Cir. 2000)(quoting *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990)).  Such property interests are defined by "rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Owens does not point to any rules or understandings suggesting that he had a right to continued employment, and, "under Tennessee law, school employees (at least those who are non-tenured) 'have no legitimate claim of entitlement to continued employment to give rise to a property interest.'"  *Buchanan v. Sumner Cty. Bd. of Educ.*, No. 3:10-00499, 2011 WL 3875862, at *4 (M.D. Tenn. Aug. 31, 2011)(quoting *Rowe v. Bd. of Educ.*, 938 S.W.2d 351, 355 (Tenn. 1996)).  Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable section 1983 claim against SCSBE.  It is recommended that any claim under 42 U.S.C. § 1983 against Walker and Barnes, and thus SCSBE, be dismissed for failure to state a claim.

D.  Statute of Limitations for a Section 1983 Claim

     With regard to Owens's section 1983 claims against all defendants, they should also be dismissed given that Owens's claims are time-barred by the applicable statute of limitations.

Actions under section 1983 are governed by state statutes of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28-3-104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)(citations omitted)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year.").

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)(citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* In particular, the section 1983 statute of limitation period begins to run on the date the claimant becomes aware of the constitutional violation. *Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004).

In this case, Owens's section 1983 claims accrued on March 5, 2017, the date he alleges termination from his position at Shelby County Schools. (Appl. 2, ECF No. 2.) As Owens did not

commence this lawsuit against the defendants until May 18, 2018, his section 1983 claims against all defendants are untimely.

E.   <u>The Doctrine of Res Judicata Bars Owens's Claims</u>

The weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata. *See, e.g.*, *Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002)(affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of res judicata"); *Thompson v. U.S. Small Bus. Admin.*, 8 F. App'x 547, 548 (6th Cir. 2001)(affirming failure-to-state-a-claim dismissal that was based on res judicata); *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985)(per curiam)(affirming district court's Rule 12(b)(6) dismissal on res judicata grounds); *Link v. Sumner Cty. Jail*, No. 3:10-CV-0236, 2010 WL 1138029, at *2 (M.D. Tenn. Mar. 19, 2010)("Because the plaintiff's claims are barred by the doctrine of res judicata, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted."). Also, the issue of res judicata need not be raised in a motion in order for the court to address it, and it can be cause for dismissal based on failure to state a claim pursuant to initial screening under 28 U.S.C. § 1915(e). *See Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003)(affirming district court's dismissal of complaint upon initial screening based on frivolousness and

failure to state a claim under the principle of res judicata);
*Skudnov v. Hous. Auth. of Bowling Green*, 1:07CV-149-R, 2007 WL
2915179, at *3 (W.D. Ky. Oct. 5, 2007)("In the present action,
Plaintiff is simply trying to re-litigate claims that he lost as
part of his 2005 action.  As such, this action is barred by the
doctrine of res judicata, and therefore, must be dismissed as
legally frivolous and for failure to state a claim upon which
relief may be granted."); cf. *Holloway Const. Co. v. U.S. Dep't
of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)(stating that a
district court is "empowered to raise res judicata *sua sponte*"
and "may invoke the doctrine of res judicata in the interests
of, inter alia, the promotion of judicial economy").

Under the doctrine of res judicata, "a final judgment on
the merits of an action precludes the parties or their privies
from relitigating issues that were or could have been raised in
that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(citation
omitted); *see also Kane v. Magna Mixer Co.*, 71 F.3d 555, 560
(6th Cir. 1995).  To apply the doctrine of res judicata, four
elements must be satisfied: (1) the first action must result in
a final judgment on the merits by a court of competent
jurisdiction; (2) the second action must involve the same
parties, or their privies, as the first; (3) the second action
raises an issue actually litigated or which should have been
litigated in the first action; and (4) an identity of the causes

of action between the first and the second actions. *Kane*, 71 F.3d at 560; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The first prong is satisfied because the Federal District Court for the Western District of Tennessee is a court of competent jurisdiction which issued a final decision on the merits. The Sixth Circuit has determined that a dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is a final decision on the merits. *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 479 (6th Cir. 2014); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986). In the instant case, the Order of Dismissal from *Owens I* dismissed Owens's complaint against Barnes for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted. Order Adopting R. & R., *Owens I*, Case No. 2:17-cv-02596-JTF-dkv, ECF No. 8. A final judgment was entered against Owens on December 11, 2017. Judgement, *Owens I*, Case No. 2:17-cv-02596-JTF-dkv, ECF No. 9. As Owens did not appeal the judgment, the first action was ended by a final judgment on the merits.

The second prong is satisfied because privity exists among Barnes, Walker, and SCSBE. Both the instant complaint and the

complaint from *Owens I* name Barnes as a defendant,[5] and while
Owens did not name Walker and SCSBE as defendants in the prior
case, "principles of claim preclusion 'do not always require one
to have been a party to a judgment in order to be bound by it,'"
with, "an exception when . . . there is 'privity' between a
party to the second case and a party who is bound by an earlier
judgment." *Richards v. Jefferson Cty.*, 517 U.S. 793, 798,
(1996). Our court recognizes that "[i]ndividuals sued in their
official capacities stand in the shoes of the entity they
represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir.2003);
*see also* Moore's Federal Practice § 131.40[3][e][ii] (3d ed.
2014)("A government official sued in his or her official
capacity is considered to be in privity with the government.").
After all, "an official-capacity suit is, in all respects other
than name, to be treated as a suit against the [governmental]
entity. . . . for the real party in interest is the entity."
*Kentucky v. Graham*, 473 U.S. 159, 166, (citation omitted);
*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("A suit
against an individual in his official capacity is the equivalent
of a suit against the governmental entity."). Accordingly, a
prior judgment for an official in his or her official capacity

---

[5]Owens misspelled Barnes's first name in the complaint in
*Owens I*; however, he attached a letter from Barnes to the *Owens
I* complaint that indicates she is the same Barnes named in the
current complaint. *See* Compl. at 2, 7-8, *Owens I*, Case No.
2:17-cv-02596-JTF-dkv, ECF No. 1.

will preclude a subsequent action on the same claim (or a claim that could have been brought in the first action) against the relevant governmental entity.  As both Walker and Barnes when sued in their official capacity share privity with SCSBE, the second prong is satisfied.

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009)(internal quotation marks omitted)(citing *Holder v. City of Cleveland*, 287 F. App'x 468, 470-71 (6th Cir. 2008)).  Moreover, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder*, 287 F. App'x at 471 (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)).  "[T]he term 'same cause of action' can encompass claims . . . that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding." *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009)(internal quotation marks omitted)(citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

Both of Owens's lawsuits arise out of his termination by Shelby County Schools.  All issues in both actions relate to the

16

same.    Although  the  current  complaint  explicitly  cites  to  and
includes  a  page  from  the  Americans  with  Disabilities  Act  of  1990
("ADA"),  42  U.S.C.  §  12101  *et  seq.*,  as  amended  by  the  ADA
Amendments  Act,  as  a  reason  he  should  not  have  been  terminated,
Owens  could  have  explicitly  made  and  substantiated  disability
allegations  in  his  first  lawsuit  because  he  mentioned  disability
due  to  back  problems  in  his  first  complaint.    *See*  Compl.  at  2,
7-8,  *Owens  I*,  Case  No.  2:17-cv-02596-JTF-dkv,  ECF  No.  1.
Owens's  present  complaint  is  based  on  the  exact  same
circumstances  as  his  first,  the  only  difference  being  an
explicit  allegation  that  his  disabilities  were  not  properly
considered  as  mitigating  factors  in  his  termination.    (Compl.  ¶
IV,  ECF  No.  1.)

Because  facts  supporting  the  claim  in  the  present  lawsuit
were  fully  known  to  Owens  at  the  time  he  filed  *Owens  I*  and
because  the  claims  in  the  present  lawsuit  arise  out  of  the  same
facts  that  formed  the  basis  for  *Owens  I*,  all  section  1983  claims
and  ADA  claims  against  defendants  in  the  present  lawsuit  are
barred  by  the  doctrine  of  res  judicata.

F.    Owens's ADA Claim

Owens  also  fails  to  meet  the  standards  set  forth  to  make  a
*prima  facie*  ADA  case.    To  make  out  a  *prima  facie*  case  under
the  ADA,  a  plaintiff  must  show  "(1)  she  has  a  disability;  (2)
she  is  otherwise  qualified;  and  (3)  she  is  being  excluded  from

17

participation in, being denied benefits of, or being subjected to discrimination under the program solely because of her disability." *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Further, the plaintiff must show that the discrimination was intentional. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567–68 (6th Cir. 2005). In the present case, Owens does not substantiate his alleged disabilities with medical evidence, demonstrate that he has been discriminated against solely because of his alleged disabilities, or show that he was subjected to intentional discrimination because of his alleged disabilities. Because his complaint is devoid of facts to show intentional discrimination, Owens's ADA claim should be dismissed for failure to state a claim.

1. *Lack of Individual Liability*

Owens names Barnes, Shelby County Schools Manager, and Walker, Interim Manager at Shelby County Schools, as defendants. (Compl. ¶ III, ECF No. 1.) There is no remedy under the ADA against a co-worker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)(holding that individual liability is prohibited under Title VII and similar statutory schemes). In *Woods v. Moore*, the Sixth Circuit ruled that "the ADA does not provide for individual liability for individuals who do not qualify as 'employers.'" No. 17–6128, 2018 WL 1363806, at *2 (6th Cir.

Feb. 8, 2018)(quoting *Satterfield v. Tennessee*, 295 F.3d 611, 616 n.4 (6th Cir. 2002); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999)).   For this reason, Owens's claims against defendants Barnes and Walker should be dismissed.

   2.   *Failure to Exhaust Administrative Remedies*

   Finally, Owens has not provided evidence that he has exhausted his administrative remedies, which the Sixth Circuit has found to be a prerequisite to filing suit.   A person seeking to bring a discrimination claim under the ADA in federal court must first exhaust his administrative remedies.   *Williams v. Nw. Airlines*, 53 Fed. App'x 350, 351-52 (6th Cir. 2002).   The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation.   *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).   Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).   To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the

alleged unlawful employment act or within 300 days of such an occurrence if the claimant first instituted proceedings with a state or local agency.[6] *Williams*, 53 F. App'x at 351-352.

The record in both *Owens I* and the instant case is devoid of any evidence that Owens contacted the EEOC, began the process of filing a charge of employment discrimination with them, or received an EEOC statutory right-to-sue notice. Accordingly, it is recommended that Owens's ADA claim against all named defendants for wrongful termination based on disability be dismissed for failure to exhaust administrative remedies.

## III. RECOMMENDATION

In conclusion, all of Owens's claims are barred by the doctrine of res judicata. Additionally, Owens's section 1983 claim fails to establish a basis of liability against the defendants and fails to state a cognizable section 1983 claim, and Owens's ADA claim fails the *prima facie* standard, names individuals when the ADA explicitly disallows individual liability, and fails to meet the requirement of exhausting administrative remedies prior to filing suit in federal court.

For the foregoing reasons, the court recommends that Owens's claims be dismissed *sua sponte* for failure to state a

---

[6]As Owens alleges termination from his position on March 5, 2017, he lies outside both windows for filing an EEOC charge. (Appl. 2, ECF No. 2.)

20

claim on which relief may be granted pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 18th day of July, 2018.


s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.